UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRAFFICWARE GROUP, INC.                                 CIVIL ACTION

VERSUS                                               15-106-SDD-EWD

SUN INDUSTRIES, L.L.C., ET AL.

## RULING

Before the Court is Third Party Defendant's, Command Construction Industries, LLC ("Command"), *Motion in Limine Re: Evidentiary Issues Governed by Contract.*[1] The Motion is opposed by Sun Industries, L.L.C. ("Sun").[2] For the following reasons, the motion will be GRANTED in part and DENIED in part.

I. **FACTUAL BACKGROUND**

This case originates from a construction contract dispute. Movant, Command, was the general contractor on a state road project in Ascension Parish. By subcontract, dated April 22, 2013, Command engaged Sun as a sub-contractor to install signalization and electrical work in connection with the road project. Work commenced in the summer of 2013. The Parties have divergent views of the facts. Sun claims non-payment of sums due under the sub-contract which prompted Sun to "reduce forces" on the project, which Command characterizes as "walking-off" the job. The scope of work was expanded by DOTD which required change orders and additional long lead time materials be ordered for the project. Command argues the project delays stem from Sun's "walking-off" of the

---

[1] Rec. Doc. 112.
[2] Rec. Doc. 110.
38111

job and on its failure to timely order the long lead time materials. Sun, in turn, claims Command is responsible for project delays owing to non-payment, "failure to provide a time schedule," and "failure to properly supervise."[3]

All pretrial deadlines have passed and this matter is scheduled for jury trial on Monday, March 27, 2017.  Command now moves for an *in limine* order excluding the following evidence at trial:

1. Evidence of labor cost damages which Command argues are not available as a matter of the sub-contract between the parties;

2. Evidence of Command's alleged failure to remunerate Sun for stored materials;

3. Evidence of Sun's damage claims for additional mobilization and demobilization costs;

4. Evidence of damages to completed work incurred before the project was complete;

5. Evidence of unremunerated costs of temporary signalization installed by Sun;

6. Evidence in defense of Command's determination of default under the sub-contract; and

7. Evidence of penalties and attorney's fees.[4]

Each point will be addressed by the Court *seriatim*.

## II.    LAW AND ANALYSIS

It is axiomatic, and uncontested by the Parties, that the contract is the law between the parties. Contract interpretation is a question of law for the Court.  Absent ambiguity

---

[3] Rec. Doc. 110-3, p. 3.
[4] Rec. Doc. 112.
38111

or absurd consequences, a contact is to be interpreted by the Court according to its plain language. At the outset, the Court observes that, by way of this *Motion in Limine*, Command seeks to dispose of Sun's claims and its defenses to Command's Counter-Claim in their entirety. Because the dispositive motion deadline has passed, the Court will not entertain this evidentiary Motion as an end-run around the dispositive motion deadlines or as a substitute for a Rule 56 Motion.

**A. Evidence of Labor Cost Damages**

Sun claims breach of contract which resulted in labor cost damages. Command argues that the contract precludes recovery of these damages, mandating that evidence of same be excluded.

Command advances Articles 1.2 and 14.4 of the sub-contract in support of its contention that these labor cost damages are not recoverable by Sun as a matter of contract. The relevant portion of Article 1.2 of the sub-contract provides:

> [Command] shall not be liable to [Sun] for any delay resulting from the act, neglect, or default of the Owner or from causes beyond [Command's] control, or in any case, beyond the granting of justifiable time extensions on written applications therefor made within 48 hours from the beginning of the claimed delay. [5]

Command argues that, under this provision, Sun's relief is limited to "justifiable time extensions," not monetary damages. Without addressing this contention, Sun responds that its labor cost damages are directly attributable to "Command's acts or failures to act."[6] Even if the finder of fact were to conclude that Sun suffered damages

---

[5] Rec. Doc. 112-2, p. 5.
[6] Sun argues that it "was forced to work beyond the original contract time and during premium hours, including nights and weekends, as a result of Command's lack of scheduling and mismanagement on the Project. Because Command failed to provide Sun with a schedule in order for Sun to complete its work (although Command had one approved by DOTD), many times Sun was prohibited from working in certain

38111

owing to delays caused by Command, Article 1.2 limits Command's liability to "the granting of justifiable time extensions."[7]

Article 14.4 provides:

Subcontractor [Sun] shall have no greater right or claim against Contractor [Command] than Contractor [Command] has against the Owner and Contractor [Command] shall not be liable to Subcontractor [Sun] in excess of any sum actually received from Owner on behalf of Subcontractor [Sun].[8]

Command submits that, per this provision of the subcontract, "the only amount Sun can claim is the actual amount that DOTD paid Command for Sun's work."[9] Sun counters that Article 14 refers to "CLAIMS RELATING TO OWNER" and is thus inapplicable. Sun's argument is unpersuasive. While true that Article 14.4 falls within the section of the subcontract labeled "CLAIMS RELATING TO OWNER," the specific covenants of Article 14.4 expressly define the scope of rights and claims that the Subcontractor – Sun -- may assert. Where, as here, the contract is "the law between the parties," principles of statutory construction provide meaningful guidance. "To be sure, a subchapter heading cannot substitute for the operative text of the statute. . . [T]he title of a statute ... cannot limit the plain meaning of the text."[10] Similarly, titles or headings used in contracts are not a substitute for the operative text of the contract. Furthermore, "[I]n the interpretation of ... contracts, the specific controls the general."[11]

---

areas on the Project because Command had its crews or other subcontractors working at the areas which Sun had scheduled to perform work." Rec. Doc. 110-3, p. 8.
[7] Rec. Doc. 112-2, p. 5.
[8] *Id.* at p. 8.
[9] Rec. Doc. 112-1, p. 9.
[10] *Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc.,* 554 U.S. 33, 47, 128 S.Ct. 2326, 2336, 171 L.Ed. 2d 203 (2008), citing, *Pennsylvania Dept. of Corrections v. Yeskey,* 524 U.S. 206, 212, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998).
[11] *Corbello v. Iowa Prod.,* 850 So.2d 686, 704 (La. 2003) (superseded by statute on other grounds); *See also Mazzini v. Strathman,* 13-0555 (La.App. 4 Cir. 4/16/14); 140 So.3d 253, 259; *Centerlink, Inc. v. Sarpy Properties, LLC,* 10-1023 (La.App. 5 Cir. 10/11/11); 78 So.3d 776, 781; *Jessop v. City of Alexandria,* 03-38111

Sun contends that, owing to contractual breaches by Command and the resultant injuries, it is entitled to claim and recover, if proven, labor cost damages attributable to the alleged breach.[12]  As a matter of law, "an obligor is liable for the damages caused by his failure to perform a conventional obligation."[13]  However, only those damages which were contemplated by the parties at the time of the making of a contract may be recovered.[14]  Under Louisiana law, "parties to a contract may stipulate damages to be recovered in a case of a breach of contract."[15]

The subcontract in this case called for Sun to be remunerated for its work on a unit price basis.[16]  The specified and agreed upon unit prices were expressly stated to be "the sole consideration for all the Subcontract Work performed."[17]  By contract, Sun agreed it "shall provide and pay for all management, supervision, financing, labor, materials…"[18]  Sun also agreed that it would "provide sufficient workmen, equipment and materials for prompt and diligent prosecution of the contract work."[19]

Sun does not assert contractual ambiguity on this point, and the Court finds none. The contract limits Command's liability to "the granting of justifiable time extensions."[20]

---

1500 (La.App. 3 Cir. 3/31/04); 871 So.2d 1140, 1146; *Aikman v. Thomas,* 03-2241, 03-2242 (La.App. 1 Cir. 9/17/04); 887 So.2d 86, 90.
[12] *See* Rec. Doc. 110-3.
[13] *Homestead Ins. Co. v. Guarantee Mut. Life Co.* 459 Fed. Appx. 396, 406 (5th Cir. 2012).
[14] "The Louisiana jurisprudence has consistently adhered to the limitation of recovery to those damages within the contemplation of the parties at the time of contracting, in the absence of fraud or bad faith." Ronald J. Scalise Jr., *6 Louisiana Civil Law Treatise, Law of Obligations*, § 5.10 (2d ed. 2016).
[15] *1100 South Jefferson Davis Parkway, LLC. v. Williams*, (La.App. 4 Cir. 5/20/2015); 165 So.3d 1211, 1218-19.
[16] Rec. Doc. 112-2, p. 3. Sun concedes that the "scope of Sun's work on this Project was based on unit prices." Rec. Doc. 116, p. 11.
[17] Rec. Doc. 112-2, p. 1.
[18] *Id.*
[19] Rec. Doc. 112-2, p. 8.
[20] *Id.* at p. 5.
38111

Furthermore, by the express terms of the contract, Sun may not recover damages "in excess of any sum actually received [by Command] from Owner on behalf of [Sun]".[21]

Accordingly, Command's *Motion in Limine* to exclude evidence of labor cost increases and premium time labor costs is GRANTED and Sun's Exhibit numbers 18, 20, and 27 shall be excluded at the trial of this matter.

### B. Evidence of Failure to Remunerate Sun for Stored Materials

Command argues that "Sun never made a valid request for stored materials."[22] Without citation to the record, Command represents that "it is undisputed that DOTD never paid Command for stored materials secured by Sun, so there was nothing for Command to pay to Sun." Command does not contend that stored material costs are not remunerable under the contract. Sun, per Article 2.6 of the subcontract, is entitled to seek remuneration for stored materials from Command. Command argues that Sun failed to comply with the contractual pre-requisites for payment. As this is a factual dispute that must be resolved by the trier of fact, Command's *Motion in Limine* to exclude evidence of damages for alleged failure to pay for stored materials is DENIED.

### C. Evidence of Damages for Additional Mobilization and Demobilization Costs

As aptly noted by Sun, "Command's argument regarding Sun's mobilization and demobilization claims against Command are substantially the same as Command's argument regarding Extended General Conditions and Premium Time [i.e. labor cost

---

[21] *Id.* at p. 8.
[22] Rec. Doc. 112-1, p. 10.
38111

damages]."[23] For the reasons assigned above, Command's *Motion in Limine* to exclude evidence of additional mobilization and demobilization costs is GRANTED.

### D. Damages to Completed Work

Sun seeks recovery for damages to its finished work which occurred during the pendency of the project and for which Sun incurred uncompensated repair costs. Command argues that Article 6 of the subcontract places the sole of risk of loss with Sun. Accordingly, Command moves for exclusion of evidence of Sun's repair cost damages. The Court finds that, on this point, the contract is unclear. Therefore, Command's *Motion in Limine* to exclude evidence of Sun's repair cost damages is DENIED.

### E. Temporary Signalization

Sun seeks payment for the costs of temporary signalization it installed pending project completion. Pointing to the "Scope of Work" and unit price remuneration specified in the subcontract, Command moves for exclusion of evidence of these costs. Command does not argue that the temporary signalization was not ordered by the Owner, and in turn by Command. Command instead argues that no "written Change Order" was executed and, thus, moves to exclude evidence of Sun's request for a Change Order. The Court finds Sun's arguments on this point persuasive and Command's *Motion in Limine* is DENIED on this issue.

### F. Conclusiveness of Determination of Default

Under the guise of a *Motion in Limine*, Command moves to prohibit Sun from defending Command's counter-claim for breach of contract. Citing to Article 22.4 of the

---

[23] Rec. Doc. 110-3, p. 10.

38111

sub-contract, Command argues that its determination of Sun's alleged default is conclusive proof of same. Command moves to prohibit Sun from defending Command's default determination.

A motion *in limine* is not a substitute for a dispositive motion.  "[A] motion in limine cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict."[24]   Command's *Motion in Limine* on this point is DENIED because it is an untimely motion for summary judgment.

### G.  Claim for Penalties and Attorney's Fees

For the reasons articulated above, Command's *Motion in Limine* for penalties and attorney's fees is DENIED because it is an untimely motion for summary judgment.

---

[24] *Marlow LLC v. BellSouth Telecommunications, Inc.*, No. 07-cv-15, 2013 WL 125900, at *3 (Oct. 8, 2009 S.D.Miss., 2013), citing, *Morgan v. Mississippi*, No. 2:07cv15, 2009 WL 3259233, at *1 (S.D.Miss 2009) citing, Kenneth W. Graham, Jr., *21 Fed. Prac. & Proc. § 5037*.18 (2d ed. 2017), stating "the preexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruing in civil cases."
38111

### III. CONCLUSION

Accordingly, Command's *Motion in Limine*[25] to exclude evidence of Sun's labor cost damages, specifically "extended general conditions" and "premium time," is GRANTED, and evidence of same shall be excluded at the trial of this matter.

Command's *Motion in Limine*[26] to exclude evidence of Sun's damage claims for additional mobilization and demobilization costs is GRANTED, and evidence of same shall be excluded at the trial of this matter;

On all other points and remaining matters, Command's *Motion in Limine*[27] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>March 20, 2017</u>.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[25] Rec. Doc. 112.
[26] *Id.*
[27] *Id.*

38111