**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| TRAFFICWARE GROUP, INC., INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO NAZTEC, INC. | CIVIL ACTION |
| VERSUS | 15-106-SDD-EWD |
| SUN INDUSTRIES, LLC, SUN ELECTRICAL & INSTRUMENTATION, LLC AND MERCHANTS BONDING COMPANY | |

## **RULING**

This matter is before the Court on the *Motion for Reconsideration*[1] filed by Sun Electrical & Instrumentation, LLC ("Sun"). Sun moved the Court for reconsideration of its *Order*[2] granting the motion by Command Construction Industries, LLC ("Command") to file its motion for attorneys' fees and to tax costs under seal.[3]

Based on an allegation that Command's billing records contained billing privilege and work product information and, following an opposition to the Seal by Sun, the Court Ordered that:

> Considering that these matters should generally be part of the public record unless good cause is shown to be filed under seal, the Court will grant Sun's *Motion for Reconsideration*, and Command is hereby ordered to direct the Court to the specific portions of the exhibits that it seeks to be maintained under seal.

---

[1] Rec. Doc. No. 152.
[2] Rec. Doc. No. 149.
[3] Rec. Doc. No. 146.
39354

Command filed a Response [4] indicating that the Parties have agreed that Command's Motion for Attorney's Fees may remain under seal. The Parties apparently misunderstood the Court's wishes. The Court, not the Parties, "has supervisory authority over its records."[5] The general rule is that Court records are to be open and accessible to the public. "The right to public access 'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'"[6] The Fifth Circuit instructs that District Courts "must use caution in exercising its discretion to place records under seal", a discretion which must be "used charily".[7] "Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view."[8]

The Parties fail to demonstrate good grounds to overcome the "strong presumption" that all filings and proceedings be open to the public. Command contends that the legal invoices attached in support of its Motion for Attorney's Fees contain attorney client privilege information and attorney work product. However, Command has agreed to provide un-redacted legal invoices to Sun, under the proviso that they not be disseminated to any third parties. If indeed the legal invoices contain information subject to the attorney client privilege or the work product doctrine, the privilege has been waived

---

[4] Rec. Doc. 160.
[5] *U.S. v. Holy Land Foundation For Relief and Development*, 624 F.3d 685, 689 (5th Cir.2010)
[6] *Id. citing, Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir.1988).
[7] *Id. citing, Fed. Sav. & Loan Ins. Corp. v. Blain, 808 F.2d 395, 399* (5th Cir.1987) *and Publicker Indus., Inc. v. Cohen, 733 F.2d 1059* (3d Cir.1984).
[8] *Id. citing, In re High Sulfur Content Gasoline Prods. Liab. Litig.,* 517 F.3d 220, 230 (5th Cir.2008) (quoting *United States v. Cianfrani,* 573 F.2d 835, 851 (3d Cir.1978)) (alteration omitted).

by production of the invoices to counsel for Sun.

Hence, Command's *Motion for Leave to File Motion for Attorneys' Fees and Motion to Tax Costs Under Seal* (Rec. Docs. 146 and 150) is DENIED. Command's *Motion for Oral Argument* (Rec. Doc. 147) is DENIED. The Court's *ORDER Granting Command's Sealed Motion for Leave to File Motion for Attorneys' Fees and Motion to Tax Costs Under Seal* (Rec. Doc. 147) is hereby VACATED and the Seal is hereby Lifted.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on May 30, 2017.

 _____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**